IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLIE FLENTROY | § | |
| v. | § | CIVIL ACTION NO. 9:10cv164 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Charlie Flentroy, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him during his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued a Report on December 10, 2010, recommending that the petition be dismissed because Flentroy did not show the infringement of a constitutionally protected liberty interest, as set out in <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995). Flentroy filed objections to the Magistrate Judge's Report on January 6, 2011.

In his objections, Flentroy says first that the Report was not in accordance with 28 U.S.C. §636(c) because he did not consent to trial by the Magistrate Judge. The record shows that the case was referred to the Magistrate Judge for pre-trial proceedings, including the issuance of a Report recommending disposition of the case, pursuant to 28 U.S.C. §636(b). No consent from a party is required for a referral under 28 U.S.C. §636(b). This objection is without merit.

Flentroy next concedes that "there is no challenge to the fact or duration of confinement," but says that this does not mean that he does not have a protected liberty interest at stake. He argues

that the constitutional right to a fair and impartial hearing is itself a liberty interest, and that the punishment must be constitutionally imposed. He says that the hearing officer in his case made an arbitrary decision which was biased and partial, and that the officer suppressed exculpatory evidence. Thus, Flentroy says, a due process violation occurred.

As the Magistrate Judge correctly observed, the issue in this case is whether the punishments imposed upon Flentroy deprived him of a constitutionally protected liberty interest. These punishments included cell and commissary restriction and remaining in his current classification status, but no lost good time. The Magistrate Judge properly noted that none of these punishments deprived Flentroy of any constitutionally protected liberty interests. *See* Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). The Supreme Court has rejected the notion that the hearing itself conveys a protected liberty interest, because the operative interest is the nature of the deprivation. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Because Flentroy has not shown that the punishment imposed upon him caused the infringement of a constitutionally protected liberty interest, his claim for habeas corpus relief is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Charlie Flentroy is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **31** day of **January, 2011.**

_____
Ron Clark, United States District Judge